# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JAMES L. BENNETT,

        Petitioner,          :     Case No. 1:13-cv-519

   - vs -                             Chief Judge Susan J. Dlott
                                     Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER, Warden,
  London Correctional Institution,

                                        :

        Respondent.

# REPORT AND RECOMMENDATIONS

Petitioner James L. Bennett brought this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254. Bennett is serving a fifty-four year sentence in Respondent's custody upon his conviction in the Brown County, Ohio, Common Pleas Court on ten counts of sexual battery and fifty counts of rape. Bennett pleads the following grounds for relief:

> **Ground One:** R.C. 2941.25 codifies the double jeopardy protections in the Federal and Ohio Constitutions, which prohibit courts from imposing cumulative or multiple punishments for the same criminal conduct unless the legislature has expressed an intent to prohibit multiple convictions for offenses which are allied offenses of similar import.
>
> **Supporting Facts:** Eight counts of rape were not differentiated in the indictment, in fact they read exactly alike, literally word-for-word and the only way to protect against double jeopardy would be to impose a concurrent sentence for the identical charges.
>
> Again, R.C. 2941.25 codifies the double jeopardy protections in both the Federal and Ohio Constitutions, which prohibit courts from imposing cumulative or multiple punishments for the same criminal conduct unless the legislature has expressed an intent to

1

prohibit multiple convictions for offenses which are allied offenses of similar import.

**Ground Two:** The sentencing court erred to the prejudice of defendant-appellant when it imposed sentence on eight counts of rape that were not differentiated in the indictments, thereby denying defendant-appellant his right in violation of the Fourteenth Amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution.

**Supporting Facts:** It is a well settled rule that a bill of particulars cannot save an invalid indictment. Because the prosecutor ignores the fact that a BILL OF PARTICULARS is insufficient and that it cannot add what the indictment has failed to include.

To allow the prosecutor, or, court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guarantee of the intervention of a grand jury was designed to secure. for a defendant could then be convicted on the basis of facts not found, and perhaps not even presented to the grand jury which indicted him.

This underlying principle is reflected by the settled rule in the federal courts that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form.

When a prosecutor's [sic] opt to use carbon-copy indictments, the defendant has neither adequate notice to defend himself, nor sufficient protection from double jeopardy. Even under the deferential standard of AEDPA, these convictions resting on such a clear violation of federal law cannot stand.

Plain error exists where there is an obvious deviation from the legal rule that affected the defendant's substantial rights, or influenced the outcome of the proceeding.

An error does not rise to the level of plain error unless, but for the error, the outcome of the trial would have been different. Notice of plain error must be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice.

In Mr. Bennett's case, the state had presented to the grand jury 10 indentical [sic] allegations of sexual battery and 50 indentical [sic]

2

allegations of rape. Upon request from Mr. Bennett's trial counsel, a bill of particulars was provided. His trial attorney did not object to the validity of the indictments, nor argue that they could not be saved by a bill of particulars.  Mr. Bennett was convicted of four of the 10 sexual battery counts and all of 50 of the rape counts. His appellate attorney failed to raise the issues of insufficiency of the indictment and the ineffectiveness of counsel at trial.

Eventually Mr. Bennett's pro se filings resulted in a review by the United states District Court, Southern District of Ohio, Western Division, which issued a writ of habeas corpus due the inadequacy of the indictments

Mr. Bennett states, that the re-sentencing court was required to follow the rule of law.

In resolving individual conflicts which are controlled by common law principles, judges follow the doctrine of STARE DECISIS. Under the doctrine of Stare Decisis (which means, literally, "Let The Decision Stand"), courts are slow to change their position in a given area of law. In practice, this doctrine has been followed to ensure stability in the law and stability in society. judges attempt to be consistent, and when possible, they base their decisions on principles set forth in earlier cases. Later cases that involved similar facts and issues could be decided with references to the earlier cases, or precedents established by higher courts within their jurisdiction, or which came out of a court of the same or higher statute [sic] within the same jurisdiction.

Common Law: When a situation is controlled by common law, a judge or panel of judges is responsible for deciding the rights of the parties before the court based on long-standing principles established in prior cases in that jurisdiction.

(Petition, Doc. No. 1.)


# Analysis


The convictions on which Bennett is confined were previously before this Court on habeas corpus in Case No. 1:09-cv-622.  In the Second Ground for Relief in the Petition in that

case, Bennett pled "[t]he trial court erred in allowing the defendant to be charged with ten counts of sexual battery and forty counts of rape in which each count has identical claims and lacks any specificity violating his Fifth Amendment right under the United States Constitution."  (Quoted at Return of Writ, Doc. No. 10, PageID 47.)  Magistrate Judge J. Gregory Wehrman held that Bennett should be granted a conditional writ on this Ground for Relief.  *Bennett v. Warden, Leb. Corr. Inst.*, 782 F. Supp. 2d 466 (S.D. Ohio 2010)(adopted Mar. 15, 2011, Bertelsman, J.)[1] Judge Wehrman analyzed and relied on *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005). Applying *Valentine* to this case, he wrote:

> Here, it appears from the record that the charges were sufficiently differentiated by the bill of particulars and evidence to the extent that petitioner could be separately convicted on the first count of sexual battery, cunnilingus (Count I); four counts of rape, digital penetration (Counts XI-XIV), based on separate incidents beginning when the victim was eight years old, which occurred at four different locations—Market Street and High Street in Aberdeen and Mt. Orab Pike and Eastland Mobile Home Park in Georgetown—during the specified period; three counts of rape, cunnilingus (Counts XLI-XLII), based on separate incidents beginning when the victim was ten years old, which occurred during the specified period at the High Street residence in Aberdeen, where the family moved in 2000, and the victim's subsequent homes at Mt. Orab Pike and Eastland Mobile Home Park; and the last count of rape (Count LX), based on the identifiable incident involving a "reddish pink colored dildo." (See Doc. 13, Ex. 10, Appendix, Bill of Particulars).

*Bennett*, 782 F. Supp. 2d at 499.  The Court ordered that the writ of habeas corpus be granted "unless Ohio vacates the inappropriate multiple convictions, which were not adequately differentiated by the bill of particulars and evidence presented at trial, and resentences petitioner accordingly." *Id.*  at 499.  Although Bennett objected to Judge Wehrman's conclusions, he did not appeal to the Sixth Circuit after Judge Bertelsman's decision.

---

[1] Judges Bertelsman and Wehrman are judges of the United States District Court for the Eastern District of Kentucky who adjudicate cases filed in this Court on assignment by the Chief Judge of the Sixth Circuit.

The Return of Writ shows that the State of Ohio complied with the conditional writ this Court issued.  The Brown County Common Pleas Court sentenced Bennett to  four years imprisonment for one count of sexual battery and nine years each for the rape counts which Judge Wehrman found to be sufficiently differentiated; it vacated the remaining convictions (Judgment Entry of Re-sentencing at Return of Writ, Doc. No. 10, Ex. 47, PageID 153-56 ).  On direct appeal, Bennett conceded that the trial court had re-sentenced him in compliance with the conditional writ  (Appellant's Brief at Return of Writ, Doc. No. 10, Ex. 50, PageID 166-67).

Respondent argues that re-examination of Bennett's convictions on the grounds he raises in his new Petition is barred by the law of the case doctrine.  That doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill*, 377 F.3d 565, 569–70 (6th Cir.2004)(quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.   *United States v. Moored*, 38 F.3d 1419, 1421 (6th  Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st  Cir. 1993).  "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. at 618, *citing* 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005).  The doctrine precludes a court from reconsideration of issues "decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition." *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th  Cir.1997) (quoting *Coal Res., Inc. v. Gulf & Western Indus., Inc.,* 865 F.2d 761, 766 (6th  Cir.1989)).

Although he has filed a Reply in this case, Bennett has made no response to the Warden's law of the case argument.  It is not clear that the law of the case doctrine applies to successive habeas corpus petitions.[2]  The Seventh and Eleventh Circuits have held the doctrine does apply. *Shore v. Warden,* 942 F.2d 1117, 1123 (7th Cir. 1991), *cert. denied*, 504 U.S. 922, 118 L. Ed. 2d 573, 112 S. Ct. 1973 (1992); *Raulerson v. Wainright*, 753 F. 2d 869, 875 (11th Cir. 1985).  The First Circuit has held that it does not.  *Lacy v. Gardino,* 791 F.2d 980, 984-85 (1st Cir.), cert. denied, 479 U.S. 888 (1986).  Our own Sixth Circuit has left the question open with the caution that it requires careful consideration but without noting the considerations which should apply. *Rosales-Garcia v. Holland,* 322 F.3d 386, 398 (6th Cir.), *cert denied. sub nom. Snyder v. Rosales-Garcia*, 539 U.S. 941 (2003).

As Judge Moore notes in *Rosales-Garcia*, *res judicata* did not apply to habeas corpus petitions at common law.  322 F.3d at 399.  In its place the courts developed the abuse of the writ doctrine which requires dismissal of a successive habeas petition raising grounds identical to those raised in a prior petition.  *Id.   citing McCleskey v. Zant,* 499 U.S. 467, 479-85 (1991).  Whether or not the law of the case doctrine should be applied here, the Petition should be dismissed under the abuse of the writ doctrine.  See *Schlup v. Delo,* 513 U.S. 298 (1995), and *Kuhlman v. Wilson*, 477 U.S. 436 (1986).  Bennett's instant Petition fits squarely within the abuse of writ doctrine outlined in *McCleskey*.  Moreover, Bennett has shown no change in the law which would justify revisiting Judge Wehrman's decision.  Indeed, he relies heavily on *Valentine* and merely asks this Court to revisit Judge Wehrman's analysis which the Court should decline to do.

---

[2] This case is not, however, a second or successive  petition in the sense that Bennett needed permission from the Sixth Circuit to file it since he is attacking here the judgment on re-sentencing and not the original judgment. *Magwood v. Patterson*, 561 U.S. 320 (2010).

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

Aug 4 2014 2:13 PM



X

Michael R. Merz

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).