# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JAMES L. BENNETT,

        Petitioner,      :      Case No. 1:13-cv-519

  - vs -                               Chief Judge Susan J. Dlott
                                      Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER, Warden,
  London Correctional Institution,
                                      :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This habeas corpus case brought under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (Doc. No. 18) to the Magistrate Judge's Report and Recommendations recommending dismissal with prejudice (the "Report," Doc. No. 15).  Chief Judge Dlott has recommitted the case for reconsideration in light of the Objections (Doc. No. 19).

      Bennett was charged with and convicted of ten counts of sexual battery and fifty counts of rape in the Brown County Common Pleas Court.  He brought a prior habeas corpus case in this Court challenging these convictions, Case No. 1:09-cv-622.  That case was assigned to District Judge Bertelsman and Magistrate Judge Wehrman who granted a conditional writ upholding Bennett's claim that the charges made in the indictment were insufficiently differentiated to permit conviction on all of them.  Applying the leading Sixth Circuit case, *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005), Judge Wehrman wrote:

> Here, it appears from the record that the charges were sufficiently
> differentiated by the bill of particulars and evidence to the extent

1

> that petitioner could be separately convicted on the first count of sexual battery, cunnilingus (Count I); four counts of rape, digital penetration (Counts XI-XIV), based on separate incidents beginning when the victim was eight years old, which occurred at four different locations—Market Street and High Street in Aberdeen and Mt. Orab Pike and Eastland Mobile Home Park in Georgetown—during the specified period; three counts of rape, cunnilingus (Counts XLI-XLII), based on separate incidents beginning when the victim was ten years old, which occurred during the specified period at the High Street residence in Aberdeen, where the family moved in 2000, and the victim's subsequent homes at Mt. Orab Pike and Eastland Mobile Home Park; and the last count of rape (Count LX), based on the identifiable incident involving a "reddish pink colored dildo." (See Doc. 13, Ex. 10, Appendix, Bill of Particulars).

*Bennett*, 782 F. Supp. 2d at 499. Judge Bertelsman adopted Judge Wehrman's Report and Bennett did not appeal. The State of Ohio complied with the conditional writ, re-sentencing Bennett on only those counts Judge Wehrman found were sufficiently differentiated. Bennett did not challenge that compliance on direct appeal nor does he challenge it here. Rather, Bennett reargues in very conclusory terms the claims he previously made. That is, he does not make any particular argument against any of the findings Judge Wehrman made; he just claims generally that the charges were not sufficiently differentiated to satisfy due process.

In the Return of Writ Respondent argued the claims made in this new Petition were barred by the law of the case doctrine (Return of Writ, Doc. No. 10, PageID 59-60). Bennett made no response to that argument in his Reply and the Report recommended dismissal on that basis (Doc. No. 15, PageID 300-01). In his Objections, Bennett makes no mention of the law of the case doctrine. He writes several pages on the law applicable to successive habeas cases, but the Report concluded this case was not barred by the successive petition doctrine on the basis of the Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320 (2010)(cited at Report, Doc. No. 15, PageID 301, n. 2).

Having won a substantial victory on his first habeas petition, Bennett simply wants more on the same basis he argued before. The law of the case doctrine prevents that result.

It is therefore again respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

October 23, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985)**. No extensions of this time period will be granted, given the extended time Petitioner had to file his Objections to the original Report.**