# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JAMES L. BENNETT,

        Petitioner,  :  Case No. 1:13-cv-519

  - vs -  Chief Judge Susan J. Dlott
        Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER, Warden,
  London Correctional Institution,
           :
        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Defendant's Objections (Doc. No. 18) to the Magistrate Judge's Report and Recommendations (Doc. No. 15) recommending that the Petition be dismissed with prejudice and that Petitioner be denied a certificate of appealability and leave to appeal *in forma pauperis,* After recommittal (Doc. No. 19), the Magistrate Judge reaffirmed his recommendation (Supplemental Report and Recommendations, Doc. No. 20) and Petitioner has again objected (Doc. No. 21) and moved separately for a certificate of appealability (Doc. No. 22).

As required by Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* those portions of the Report and Supplemental Report to which objection has been made.  As noted by Magistrate Judge Merz, Bennett had a prior habeas corpus case in this Court directed to the same judgment of which he complains in this case in which Judge Bertelsman granted a conditional writ.

*Bennett v. Warden, Leb. Corr. Inst.*, 782 F. Supp. 2d 466 (S.D. Ohio 2010)[1]. Judge Bertelsman did not grant all the relief Bennett requested, but Bennett did not appeal to the Sixth Circuit. Instead, after Ohio granted the relief ordered in the conditional writ, he filed this new case, complaining that he did not get all the relief to which he was entitled.

In seeking dismissal, the Warden relied on the law of the case doctrine. Finding that the Sixth Circuit had not squarely held that law of the case applies as between subsequent habeas corpus cases, Magistrate Judge Merz found that the corollary doctrine of abuse of the writ applied here and recommended dismissal on that basis (Report, Doc. No. 15, PageID 301-02.) Alternatively, in the Supplemental Report, he found that the law of the case doctrine also barred relief (Doc. No. 20, PageID 315-16).

In his most recent set of Objections, Bennett argues principally that Judge Wehrman's[2] double jeopardy analysis in the first case was wrong or at least debatable among jurists of reason (Objections, Doc. No. 21, PageID 318). Objecting to Magistrate Judge Merz's analysis, he writes: "[t]he victory on the first habeas was a good thing. However, the basis of the new petition is not about wanting more. But rather, the basis is about asking for what should have been given in the first place." *Id.* at PageID 320. The place to have raised that objection would have been on appeal in the first habeas case. The law of the case doctrine and the law of abuse of the writ both preclude raising that objection here.

Accordingly, Bennett's Objections (Doc. Nos. 18 & 21 are OVERRULED, the Magistrate Judge's Report and Recommendations (Doc. No. 15) and Supplemental Report and Recommendations (Doc. No. 20) are ADOPTED. Because reasonable jurists would not disagree

---

[1] The instant Petition is not a "second or successive" petition which would require transfer to the Court of Appeals because there is an intervening state court judgment in compliance with the first writ.
[2] Magistrate Judge J. Gregory Wehrman wrote a report and recommendations in the prior case which Judge Bertelsman adopted.

with this conclusion, Petitioner is DENIED a certificate of appealability and his Motion for a Certificate Doc. No. 22) is DENIED. The Court hereby certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*. The Clerk shall enter judgment dismissing the Petition with prejudice.

November 10th, 2014.

                S/Susan J. Dlott_____
                  Susan J. Dlott
               Chief United States District Judge